IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NANCY COLLINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-3440-CV-DPR |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Nancy Collins in a decision dated May 6, 2011 (Tr. 12-20). The Appeals Counsel denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff contends the ALJ erred in failing to give controlling weight to the medical opinion of David Dale, D.O., the claimant's treating physician; erred in finding the claimant's lupus did not meet or medically equal the listing; and erred in determining the claimant's residual functional capacity (RFC) (Doc. 13). The Court has reviewed the medical evidence in the record, the hearing testimony, and the ALJ's opinion, and finds, consistent with the arguments of the defendant, that the ALJ's decision is based upon substantial evidence on the record as a whole. The ALJ gave some weight to Dr. Dale's

2

opinion and gave good reasons for declining to give it controlling weight. Specifically, the ALJ found that Dr. Dale's opinion was not supported by treatment records or objective test results and was inconsistent with other evidence in the record. Under the regulations, the ALJ is authorized to consider the supportability of a medical opinion. *See* 20 C.F.R. § 404.1527. Moreover, a treating physician's opinion is not automatically entitled to controlling weight, and may be discounted where it is inconsistent with other substantial evidence in the record or it is not well-supported by other medical evidence, so long as the ALJ gives good reasons for the weight afforded the opinion. *Id*.

The ALJ's opinion that the claimant's lupus did not meet or equal the listing is also supported by substantial evidence. No evidence appears in the record definitively diagnosing the claimant with lupus during the relevant period. And as pointed out by the defendant, the evidence submitted to the Appeals Council post-dated the ALJ's decision. Thus, it did not establish the claimant suffered from lupus during the period under consideration by the ALJ. *See* 20 C.F.R. § 404.970(b).

Finally, the ALJ did not err in his RFC determination. He discussed in detail the basis for his RFC assessment. Specifically, the ALJ thoroughly analyzed the claimant's treatment history, objective medical findings, the opinions of treating and examining physicians, the claimant's subjective complaints, and his day-to-day activities and limitations.

Taken together, the ALJ's opinion is based upon substantial evidence on the record as a whole. Furthermore, the decision falls within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED: August 16, 2013**

    /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**

4
Case 6:12-cv-03440-DPR   Document 20   Filed 08/16/13   Page 4 of 4